UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAOWEN C.,[1] <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF THE DESERT VIEW DETENTION FACILITY, et al., <br><br> Respondents. | CASE NO. CV 25-3130 JLS (PVC) <br><br> **ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO AMEND** |

On April 9, 2025, Haowen C. (Petitioner), a federal prisoner proceeding with counsel, filed a habeas petition under 28 U.S.C. § 2241. (Dkt. No. 1). On April 10, Petitioner filed a First Amended Petition. ("FAP," Dkt. No. 4). Petitioner, who is currently incarcerated at the Desert View Detention Facility, contends that his "prolonged detention" by Respondents without a hearing violates the Due Process Clause of the Fifth Amendment. (*Id.* at 2). He names multiple Respondents, including the Warden of the Desert View Annex Detention Facility. (*Id.* at 1, 5–6). However, the First Amended

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Petition must be dismissed with leave to amend because Petitioner did not verify the FAP or name the proper respondent.[2]

      **A.**      <u>**The First Amended Petition Is Not Verified**</u>

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* 28 U.S.C. foll. § 2254, Rule 2(c)(5) (The petition must … be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."). Further, "[i]f the petition … is verified by a person other than the individual in custody, the person verifying the document shall set forth the reason why it has not been verified by the person in custody. The person verifying the document shall allege only facts personally known to that person. If facts are alleged upon information and belief, the source of the information and belief shall be stated." C.D. Cal. Local Rule 83-16.2.

Here, while Petitioner's counsel prepared and signed the FAP, he did not verify it under penalty of perjury. Nor is it clear which facts were personally known to counsel, and which were alleged upon information and belief. Nor does the FAP set forth any reason why Petitioner did not verify his Petition. Accordingly, the First Amended Petition is dismissed, with leave to amend.

---

[2] The filing of a petition for writ of habeas corpus is analogous to the filing of a civil complaint. *See Williams v. Coyle*, 167 F.3d 1036, 1038 (6th Cir. 1999). A Magistrate Judge may dismiss a complaint with leave to amend without approval of the District Judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. The First Amended Petition Does Not Name the Proper Respondent

Pursuant to the federal habeas statute, 28 U.S.C. § 2242, which applies to § 2241 petitions, "there is generally only one proper respondent to a given prisoner's habeas petition[, and it is] … 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *see* 28 U.S.C. § 2242 (requiring a federal habeas petitioner to provide "the name of *the* person who has custody over him") (emphasis added). When a habeas petitioner challenges his present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435. Moreover, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447. Here, because Petitioner failed to name *only* his immediate custodian—the *name* of the Desert View Annex Detention Facility warden—as Respondent, this Court lacks jurisdiction over Petitioner's habeas petition. *See Doe v. Garland*, 109 F.4th 1188, 1194–95 (9th Cir. 2024) ("[The petitioner's] failure to name [his immediate custodian as respondent] renders the district court's exercise of jurisdiction erroneous."); *see also id.* at 1199 ("The district court erred in exercising jurisdiction over Doe's core habeas petition because Doe failed to name his immediate custodian as respondent to his petition ….").

### C. Order

If Petitioner wishes to pursue this action, he must file a Second Amended Petition within **30 days** from the date of this Order. The Second Amended Petition shall be properly verified and name as the *only* Respondent the person having immediate custody

3

over Petitioner, i.e., the warden or de facto warden of the facility where he is detained. <u>Petitioner must identify his immediate custodian by name, not simply by title</u>. Petitioner is also urged to use the § 2241 form approved by the Central District (CV-27), a copy of which is attached. *See* Local Civil Rule 83-16.1 ("A petition for a writ of habeas corpus … shall be submitted on the forms approved and supplied by the Court."); *see also* 28 U.S.C. foll. § 2255, Rule 2(c) (requiring a federal habeas petition to "substantially follow … a form prescribed by a local district-court rule"). The Second Amended Petition shall be complete and shall bear both the designation "Second Amended Petition" and the case number assigned to this action, i.e., "CV 24-9364 DDP (PVC)." The Second Amended Petition shall not refer in any manner to the original Petition or FAP. *See generally* 28 U.S.C. foll. § 2255, Rule 2(a) (describing what must be included in a federal habeas petition).

Petitioner is explicitly cautioned that the failure to file timely a Second Amended Petition will result in a recommendation that this action be dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). If Petitioner no longer wishes to pursue this action, he may use the attached form Notice of Dismissal and voluntarily dismiss this action without prejudice.

IT IS SO ORDERED.

DATE: April 15, 2025

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

4